# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR VICK and VIRGINIA VICK, Individually & on Behalf of all Others Similarly Situated, § § § § | | |
| *Plaintiffs*, § | | |
| v. § | NO. 2:09-CV-114-TJW-CE | |
| NCO FINANCIAL SYSTEMS, INC. & GE CAPITAL FINANCIAL INC., § § § § | | |
| *Defendants*. § § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Joint Motion to Transfer Venue from the Marshall Division of the Eastern District of Texas to the Tyler Division of the Eastern District of Texas. (Dkt. No. 22.) After carefully considering the facts and arguments presented and the applicable law, the Court DENIES Defendants' motion to transfer.

## I. BACKGROUND

Plaintiffs Arthur Vick and Virginia Vick (collectively "Plaintiffs") bring this suit, a putative nationwide class action lawsuit, alleging that defendants GE Capital Financial, Inc. ("GECFI") and NCO Financial Systems, Inc. ("NCO") (collectively "Defendants") violated the Fair Debt Collection Practices Act and the discharge provisions of the Bankruptcy Code. Plaintiffs' individual claims arise out of Defendants' alleged attempts to collect a debt that Plaintiffs contend was discharged by their Chapter 7 bankruptcy.

1

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The Court noted, however, that the relevant factors to be considered in ruling on a § 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* at 315. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (*citing In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id.* The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id.*

## III. DISCUSSION

### 1. Private Factors

#### a. Convenience of the parties and witnesses and costs of attendance for witnesses

The Court will first assess the convenience of the parties involved. Plaintiffs filed suit in the Marshall Division of the Eastern District of Texas. Plaintiffs' mailing address is in Longview, Texas and they reside in Gregg County. Defendant GECFI is a Utah corporation with its principal place of business in Connecticut. Defendant NCO is a foreign corporation with its principal place of business in Pennsylvania. Neither of the Defendants is in close proximity to either the Marshall or Tyler Division. Given that this division is only about sixty miles from the Tyler Division, this Court cannot find that the Tyler Division would be more convenient to the Defendants than this division. Although the Plaintiffs are located in the Tyler Division, Longview is actually closer to Marshall than to Tyler.

Next, the Court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen*, 371 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* The majority of Defendants' party witnesses are outside the state of Texas. Defendants have not identified a single witness likely to be called in this case who would be substantially less inconvenienced by a transfer from Marshall to Tyler. The Plaintiffs are actually closer to Marshall than to Tyler. As with the convenience of the parties, the Court finds that this division would be just as convenient to the parties' witnesses as the Tyler Division.

Therefore, this factor does not favor a transfer of this case.

### b. The relative ease of access to sources of proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. The majority of the Defendants' documents are not located in the Marshall or Tyler Division, and the parties state that this factor is neutral as to transfer. Therefore, the Court finds this factor is neutral as to transfer.

### c. The availability of compulsory process to secure the attendance of witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. Here, the Tyler Division would enjoy as much subpoena power as the Marshall Division over any witnesses in this case. Therefore, the Court finds this factor is neutral as to transfer.

### d. All other practical problems that make trial of a case easy, expeditious and inexpensive

The Court is unaware of any practical problems that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

### 2. Public Interest Factors

### a. The administrative difficulties flowing from court congestion

The Court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the Court finds this factor is neutral as to transfer.

### b. The local interest in having localized controversies decided at home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Some of the underlying actions in this case occurred in the Tyler division of the Eastern District of Texas, whereas none of the events is alleged to have occurred within the Marshall Division. For example, Plaintiffs allege that Defendants improperly attempted to collect a debt from them by sending them collection letters in Longview, Texas, which is in the Tyler Division. Plaintiffs are residents of the Eastern District of Texas, the debt sought to be collected accrued in the Eastern District of Texas, and the conduct of which

Plaintiffs complain occurred in the Eastern District of Texas. Given the proximity of the two divisions, the Court finds that the residents of the Marshall Division would be just as interested in the issues arising from this lawsuit as residents of the Tyler Division. Therefore, the Court finds this factor is neutral as to transfer.

### c. The familiarity of the forum with the law that will govern the case

The proposed transferee forum is familiar with the law that could govern this case. This Court is familiar with that law as well. Therefore, the Court finds this factor is neutral as to transfer.

### d. The avoidance of unnecessary problems of conflicts with laws

The Court finds that this factor is inapplicable in this transfer analysis.

## IV. CONCLUSION

The Court has carefully reviewed the facts and applicable law regarding Defendants' motion to transfer. The Court finds, based on the consideration of both private and public interest factors in this case, that this division is just as convenient to the parties and the witnesses as the Tyler Division. The Court rules that because the Defendants have failed to show that the transferee venue is clearly more convenient than the venue chosen by the Plaintiffs, the Plaintiffs' choice of the Marshall Division should be respected. *In re Volkswagen*, 545 F.3d at 315. The Court, therefore, DENIES Defendants' motion to transfer.

It is SO ORDERED.

SIGNED this 26th day of February, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE