# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR VICK and VIRGINIA VICK, Individually & on Behalf of all Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | NO. 2:09-CV-114-TJW-CE |
| NCO FINANCIAL SYSTEMS, INC. & GE CAPITAL FINANCIAL INC., | § § § § | |
| *Defendants*. | § § | |

## ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 48), which contains his recommendation, has been presented for consideration. Objections to the Report and Recommendation were filed by Defendant GE Capital Financial, Inc. ("GECFI") (*See* Dkt. No. 51).

The Court has reviewed the Defendant's objections and finds that they have no merit. The Court is of the opinion that the conclusions of the Magistrate Judge are correct. The Court finds that the allegations in the Complaint, if accepted as true, avoid dismissal of this case. Regarding the Defendant's allegations that it is not a debt collector, the Plaintiff has alleged in the Complaint that the Lowe's account debt was sold or sent to Defendant NCO Financial Systems for collection, and that it was thereafter sold or sent to Defendant GECFI for collection. In its motion to dismiss and its objections, Defendant GECFI alleges that it was the originator of the debt and that it owned the debt when it attempted to collect the debt. However, GECFI has

not alleged or proven that it continuously owned the debt, and GECFI has not provided any evidence disputing the Plaintiff's allegations that the debt was transferred from NCO to GECFI. In such a circumstance, where GECFI had bought, sold, or otherwise transferred the debt in question, the Court finds that GECFI may qualify as a "debt collector" under the statute, and that a dismissal at this stage, based upon the pleadings, is inappropriate. At a minimum, the Court will allow discovery into these allegations. As stated in the Magistrate Judge's recommendation, once the parties have been able to conduct discovery on this issue and a more complete record has developed, a motion for summary judgment by the Defendant on this issue may be appropriate.

Therefore, the Court hereby adopts the report of the United States Magistrate Judge as the conclusions of this Court. Accordingly, Defendant's motion to dismiss is DENIED (Dkt. No. 24).

SIGNED this 30th day of March, 2010.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE