UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR VICK, et al. | § § § | |
| vs. | § § § § | CASE NO. 2:09-CV-114-TJW-CE |
| NCO FINANCIAL SYSTEMS, INC., et al. | § | |

**REPORT AND RECOMMENDATION**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court are: (1) defendant NCO Financial Systems, Inc.'s ("NCO") motion for summary judgment (Dkt. No. 62); (2) plaintiffs Arthur Vick and Virginia Vick's (Plaintiffs) motion to strike the affidavit of Gregory R. Stevens (Dkt. No. 81); and (3) NCO's motion for leave to file the supplemental affidavit of Gregory R. Stevens (Dkt. No. 89). For the reasons explained below, the undersigned recommends that the court GRANT-in-PART and DENY-in-PART NCO's motion for summary judgment. The undersigned recommends that the court GRANT NCO's motion as to Plaintiffs' allegations that NCO violated the FDCPA by attempting to collect on a "time-barred" debt. The undersigned, however, recommends that the court DENY NCO's motion for summary judgment on all other issues. The undersigned also recommends that the court GRANT NCO's motion for leave to file Mr. Stevens' supplemental affidavit and DENY Plaintiffs' motion to strike Mr. Stevens' affidavit as moot.

1

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Defendant GE Capital Financial, Inc. ("GE") sent a letter to a business identified as "Vick Virginia M.", offering the business a Lowe's Business Revolving Credit Account (the "Account") with a $2,500 credit line.  The letter explained the business was pre-approved for a commercial Lowe's credit card, which could be received by completing and returning the attached Acceptance Certificate.

On or about February 27, 2004, Ms. Vick returned the completed Acceptance Certificate on behalf of her alleged business, "Vick Virginia M."  Ms. Vick checked-off the "yes" box on the Acceptance Certificate, confirming the following:

> Please open my company's Pre-Approved Business Revolving Credit Account. I understand my company's credit is already approved and you will open the account if I provide you with this completed and signed Acceptance Certificate by the offer expiration date. By signing below on behalf of my business, I represent that my business is a valid business entity; that all purchases made to the Account will be for purposes other than personal, family, or household use; I have read the key credit terms on the reverse side of this letter, and that I am an authorized representative of the business with authority to enter into contractual agreements, and agree that the terms of the Lowe's Credit Agreement to be sent to me with the Card will govern the account. Accounts are owned and credit is extended by GE Capital Financial Inc.

Ms. Vick also printed and signed her name on the Acceptance Certificate.

In March 2004, GE issued the Lowe's commercial credit card to "Vick Virginia M." Along with the commercial credit card, GE sent the Lowe's Business Revolving Credit Account Agreement ("Commercial Credit Card Agreement") to Ms. Vick.  The Commercial Credit Card Agreement stated the "Account shall be used only for the purchase of merchandise for commercial or business purposes, and not for personal, family, or household purposes."  In bold and capital letters, the Commercial Credit Card Agreement stated: "ANY PERSON SIGNING THE

2

APPLICATION/AGREEMENT ATTESTS THAT…PURCHASES MADE HEREUNDER WILL BE FOR OTHER THAN PERSONAL, FAMILY, OR HOUSEHOLD USE…."

On March 20, 2007, Plaintiffs filed a Voluntary Petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas, Case No. 07-60210. The form petition used by Plaintiffs contained a field for Plaintiffs to identify all other names, including married, maiden, and trade names, used by them in the last eight years. In their Petition, Plaintiffs did not identify "Vick Virginia M." as a trade name or other name used by either of them. In Schedule F, plaintiffs listed an unsecured debt purportedly owed to Lowe's in the amount of $2,051.11. On July 1, 2007, the Bankruptcy Court entered a discharge order in Plaintiffs' bankruptcy case. The discharge order (like Plaintiffs' petition) identifies the names of the debtors, including their married, maiden, and trade names. The discharge order, however, does not identify "Vick Virginia M." as a trade name or other name used by either Plaintiff.

At the time of Plaintiffs' discharge, NCO did not own, nor had it been assigned, the Account. On or about May 1, 2008, GE placed the Account with NCO for collection pursuant to the Collection Agency Agreement ("Collection Agreement") between the two. Before attempting to collect on the Account, NCO ran a "bankruptcy scrub" through Lexis-Nexis to identify whether the Account was subject to a bankruptcy filing. The scrub did not identify a match for "Vick Virginia M."

Therefore, on May 3, 2008, NCO sent its initial notice to "Vick Virginia M" The following brackets identify how the letter was addressed:

[Name] Vick Virginia M
[Address 1] Virginia M Vick
[Address 2] 1305 Kent St
[City, State, Zip Code] Longview TX 75604-322237

Although the "Address 1" line contained the words "Virginia M Vick," NCO alleges that it never intended to direct any communication to "Virginia M Vick."  Rather, NCO alleges that all communications were directed to the business "Vick Virginia M"  NCO did not receive a response from anyone regarding the May 3, 2008 letter.  NCO did not send any other letters regarding the Account.  NCO did, however, call the work telephone number provided by GE on eight occasions, which resulted in hang-ups.  On January 1, 2009, GE recalled the Account.

On April 17, 2009, Plaintiffs filed their original complaint against defendants NCO and GE. Plaintiffs allege in this class action lawsuit that NCO unlawfully attempted to collect a "consumer debt" that was discharged in their personal Chapter 7 bankruptcy.  Plaintiffs assert violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the discharge injunction entered in their bankruptcy per 11 U.S.C. § 524.

Plaintiffs allege NCO violated the FDCPA by "[a]ttempting to collect a debt that is not owed due to a bankruptcy," which Plaintiffs contend "is false, deceptive or misleading in violation of § 1692e of the FDCPA."  Plaintiffs also allege NCO violated the FDCPA by collecting a "time-barred" debt, which Plaintiffs contend "is false, deceptive or misleading in violation of § 1692e of the FDCPA."

Furthermore, Plaintiffs allege that NCO willfully violated the discharge injunction issued in their bankruptcy pursuant to § 524 of the Bankruptcy Code.  Plaintiffs ask this court to hold NCO in contempt of court pursuant to 11 U.S.C. § 105(a) due to NCO's alleged repeated wrongful collection attempts.  In addition to sanctions, Plaintiffs seek actual damages, punitive damages, attorneys' fees, and costs.

Plaintiffs assert all of their claims on a class action basis.

## II. LEGAL STANDARD

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). A "genuine issue" is an issue that "can be resolved only by a finder of fact because…[it]…may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 248. When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party and refrain from making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398 (5th Cir. 2008).

## III. DISCUSSION

NCO argues that it is entitled to summary judgment as to Plaintiffs' FDCPA claims because: (1) Plaintiffs' debt is not a "consumer debt" under the FDCPA; (2) NCO never directed any communications or collection attempts to Plaintiffs; (3) NCO did not violate the FDCPA by seeking to collect a "time-barred" debt; and (4) if NCO did violate the FDCPA, any such violation is absolved under the "bona fide error" defense. NCO also argues that it is entitled to summary judgment as to Plaintiffs' allegations that it violated Plaintiffs' discharge injunction because: (1) the underlying debt was not discharged; and (2) NCO did not "willfully" violate the discharge injunction. The undersigned will first address, however, Plaintiffs' motion to strike the affidavit of Gregory R. Stevens and NCO's motion to file the supplemental affidavit of Mr. Stevens.

### a.  Motion to Strike and Motion For Leave To File Supplemental Affidavit

On June 8, 2010, NCO filed its motion for summary judgment with the affidavit of Gregory R. Stevens in support. On March 2, 2011, Plaintiffs filed a motion to strike Mr. Stevens' affidavit (Dkt. No. 81). Plaintiffs claim in their motion that Mr. Stevens' affidavit is improper because (1) Mr. Stevens failed to adequately set forth the basis for his personal knowledge of the facts therein, and (2) the affidavit contains inadmissible hearsay statements referring to documents not admitted into evidence. On March 4, 2011, NCO filed a motion for leave to file the supplemental affidavit of Mr. Stevens. NCO argued that Mr. Stevens' initial affidavit was not in any way defective, however, to address Plaintiffs' concerns, NCO submitted a supplemental affidavit.

Under Federal Rules of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact; . . . or (4) issue any other appropriate order." In other words, the court may allow NCO to supplement its affidavit to address the objections set forth in Plaintiffs' motion to strike. *See Stingley v. Den-Mar Inc.*, 347 Fed. Appx. 14, 20 (5th Cir. 2009) ("[T]he decision of whether to give parties the opportunity to remedy material presented for summary judgment is within the discretion of the district court."); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("When summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise.").

Mr. Stevens' supplemental affidavit does not change any of the substantive statements made in Mr. Stevens' original affidavit. The supplemental affidavit merely adds factual statements regarding the basis for Mr. Stevens' personal knowledge of the pertinent facts and attaches documents that were previously produced to Plaintiffs in discovery. As such, the undersigned

recommends that the court grant NCO's motion for leave to file the supplemental affidavit of Mr. Stevens and deny Plaintiffs' motion to strike as moot.

### b. FDCPA Claims

#### i. Nature of the Debt – "Consumer Debt"

NCO contends that Plaintiffs cannot support an FDCPA claim because the debt Plaintiffs incurred on the Account was commercial debt, not consumer debt. The FDCPA applies only to debts as they are defined in the statute. Debts are "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). If the debt arises from a commercial transaction, the FDCPA is inapplicable. *See Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 388 (5th Cir. 2002).

In this case, Plaintiffs argue that whether a debt is a "consumer debt" subject to the FDCPA depends on the nature of the actual charges made. As such, since Plaintiffs have averred that the debt they incurred on the Account was for personal, family, or household purposes, Plaintiffs argue that the debt is "consumer debt" under the FDCPA. NCO, however, argues that whether a debt is a "consumer debt" under the FDCPA depends on the character of the lending transaction. Considering that GE issued the credit card to Plaintiffs with the understanding that the Account would not be used "for personal, family, or household purposes," NCO argues that there is no genuine issue of material fact that Plaintiffs' debt is not a "consumer debt" under the FDCPA.

Although NCO is correct in its contention that the Account was opened on behalf of "Vick Virginia M." ostensibly for commercial purposes, the court must focus on the nature of the debt that

7

was incurred, and not the purpose for which the Account was opened. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (stating that whether a debt is a "consumer debt" under the FDCPA depends on "the transaction out of which the obligation to repay arose, not the obligation itself…."); *Clark v. Brumbaugh and Quandahl, P.C., LLO* , 731 F. Supp 2d 915, 921 (D. Neb. 2010) ("…the court must focus on the nature of the debt that was incurred, and not the purpose for which the Account was opened."); *Garcia v. LVNV Funding*, No. A-08-CA-514-LY, 2009 WL 3079962, at * 3 (W.D. Tex. Sept. 18, 2009) ("Whether a debt is a consumer debt [under the FDCPA] is determined by the use of loan proceeds by the borrower and not by the motive or intent of the lender."); *Perk v. Worden*, 475 F.Supp.2d 565, 569 (E.D. Va. 2007) ("It is worth noting that the debt at issue was not actually incurred until Plaintiff used the card, as opposed to when Plaintiff applied for the card. Although Plaintiff applied for a corporate card, she did not incur the debt until it was used for her personal purposes."). NCO has not produced any evidence indicating that the transactions in which Plaintiffs' debts were incurred were commercial transactions. Furthermore, Plaintiffs have alleged[1] that they did not use the Lowe's credit card for business expenses. Because NCO has not demonstrated the absence of a genuine issue of material fact regarding whether the actual charges were incurred "primarily for personal, family or household purposes," the undersigned recommends that the court deny NCO's motion for summary judgment on this issue.

---

[1] In response to a request for admission, the Plaintiffs denied that they used the Lowe's credit card for business expenses. *See* Exhibit F to Plaintiffs' Response to NCO's Motion for Summary Judgment, Dkt. No. 85.

*ii. Third-Party Standing*

Plaintiffs allege that NCO violated the FDCPA by engaging in conduct prohibited by § 1692e. Section 1692e claims are not reserved exclusively for "consumers." *See, e.g., Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 649 (6th Cir. 1994) ("Unlike other sections of the act where relief is limited to "consumers", under § 1692e a debt collection practice need not offend the alleged debtor before there is a violation of the provision."). "[A]lthough a broader class of plaintiffs may potentially have standing under [§ 1692e], the FDCPA does not grant standing to any individual who may happen to come across a debt collection letter." *Schwartz v. Resurgent Capital Servs., LP*, No. 08 CV 2533(NG)(RML), 2009 WL 3756600, *4 (E.D.N.Y. 2009). "The common factor among those cases in which a third-party, non-debtor is held to have standing to bring FDCPA claims is that the alleged debt collection practices were directed towards the third-party." *Prophet v. Myers*, Civil Action No. H-08-0492, 2009 WL 1437799, *4 (S.D. Tex. 2009) (gathering authorities). "A third-party, non-debtor does not have standing to assert a FDCPA violation based on collection efforts aimed at someone else." *Id.*

NCO argues that it is entitled to summary judgment as to Plaintiffs' FDCPA claims because all of its communications were directed to an alleged company, named "Vick Virginia M.," which Ms. Vick represented was a valid business entity. Plaintiffs, however, note that, in addition to being addressed to "Vick Virginia M," NCO's communications were also addressed to a "Virginia M Vick." As such, Plaintiffs argue that there is a genuine issue of material fact as to the recipient NCO intended to direct its communications to.

Considering that NCO's communications were addressed to both "Virginia M Vick" and "Vick Virginia M," there is a genuine issue of material fact regarding the intended recipient of

9

NCO's communications. Therefore, the undersigned recommends that the court deny NCO's motion for summary judgment on this issue.

### iii. "Time-Barred" Debt

Plaintiffs allege that NCO engaged in "false, deceptive, or misleading" conduct by attempting to collect a "time-barred" debt, and therefore, violated section 1692e of the FDCPA. 15 U.S.C. 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). The applicable statute of limitations for the underlying debt is four years. NCO alleges that the last payment date on Plaintiffs' Account was March 14, 2006, and Plaintiffs have produced no evidence to controvert this contention. Furthermore, Plaintiffs do not dispute that the Account was recalled by GE on January 9, 2009. As such, NCO argues that all of its collection efforts necessarily occurred within the applicable statute of limitations and, therefore, it is entitled to summary judgment that it did not violate the FDCPA by attempting to collect on a "time-barred" debt.

As explained above, the undersigned recommends that the court grant NCO's motion for leave to file Gregory R. Stevens' supplemental affidavit. In his supplemental affidavit, Mr. Stevens declares that GE identified the Plaintiffs' last payment date as March 14, 2006 and that GE recalled the account on January 1, 2009. These allegations necessitate the conclusion that NCO did not attempt to collect Plaintiffs' debt outside of the four-year statute of limitations. Considering that Plaintiffs have failed to provide any evidence to controvert NCO's proof, there is no genuine issue of material fact that NCO did not violate the FDCPA by attempting to collect on a "time-barred" debt. As such, the undersigned recommends that the court grant NCO's motion for summary judgment as to the issue of whether it violated the FDCPA by attempting to collect on a "time-barred" debt.

*iv. Bona Fide Error Defense*

The FDCPA contains a defense to liability in § 1692k(c), known as the "bona fide error" defense. To prevail on this defense, the debt collector must prove, by a preponderance of the evidence, the following: (1) the violation was not intentional; (2) the violation resulted from a bona fide error; and (3) the violation occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1239 (5th Cir. 1997).

NCO argues that it is entitled to summary judgment as to Plaintiffs' FDCPA claims because NCO is absolved of any alleged violation of the FDCPA by the "bona fide error" defense. NCO alleges that at no time was it aware that it was collecting on a debt that was actually or potentially discharged in bankruptcy. NCO, therefore, argues that it could not have violated any provision of the FDCPA "intentionally." Plaintiffs, however, argue that NCO did indeed have notice of the bankruptcy case and discharge order because the clerk of the bankruptcy court signed, under penalty of perjury, a "Certificate of Service" stating that the "Notice of Chapter 7 Bankruptcy Case" and notice regarding "Discharge of Debtor" was sent to:

```
4730855    +Medical  Debt  Management,    PO BOX 814367,    Dallas, TX 75381-4367
4730856    +NCO Financial,     507 Prudential Rd,     Horsham, PA 19044-2368
4730857     Orchard Bank (HSBC),    HSBC Card Services,    PO BOX 80084,   Salinas,
4730858    +Pentagroup Financial     6341 Inducon Drive     Sanborn, NY 14132-9016
```

*See* Exhibits A and B attached to Plaintiffs' Response to NCO Motion for Summary Judgment, Dkt. No. 85.

Because Plaintiffs have produced evidence that NCO did in fact receive notice of Plaintiffs' bankruptcy proceedings, there is a genuine issue of material fact regarding whether NCO intentionally violated the FDCPA. The undersigned, therefore, recommends that the court deny NCO's motion for summary judgment as to the "bona fide error" defense.

### c. Discharge Injunction Claims

#### i. Underlying Debt Discharge

NCO argues that it could not have violated the discharge injunction issued by the bankruptcy court in Plaintiffs' bankruptcy proceedings because the underlying debt was not discharged. NCO relies entirely on GE's arguments in its motion for summary judgment. *See* GE's Motion for Summary Judgment, Dkt. No. 59. As detailed in the undersigned's report and recommendation regarding GE's motion, which is issued concurrently herewith, the undersigned recommends that the court deny GE's argument that the underlying debt, as a matter of law, was not discharged. As such, the undersigned recommends that the court also deny NCO's motion for summary judgment on this issue.

#### ii. Willful Violation of Discharge Injunction

A plaintiff seeking sanctions under section 105 of the Bankruptcy Code for an alleged violation of a discharge injunction must prove by clear and convincing evidence that the defendant's actions were "willful."[2] *In re Gervin*, 300 Fed. Appx. 293, 301 (5th Cir. 2008). The critical issue is whether the defendant violated the discharge injunction "knowingly." *See In re McClure*, 420 B.R. 655, 660 (Bankr. N.D. Tex. 2009) (The issue…is whether Defendants violated the discharge injunction knowingly."); *In re Mahoney*, 368 B.R. 579, 587 (Bankr. W.D. Tex. 2007).

---

[2] NCO spends a considerable amount of time discussing alleged uncertainties surrounding this court's authority to grant relief for an alleged violation of a discharge injunction. *See* NCO's Motion for Summary Judgment, Dkt. No. 62 at 19-22. NCO does not, however, ask the court to grant summary judgment with regard to any of the alleged uncertainties it identifies – indeed, NCO fails to articulate a request that the court rule one way or another regarding any of these issues. As such, to the extent that NCO's alleged uncertainties can be deemed a request for summary judgment relief, the undersigned recommends that the court deny such request.

NCO argues that it is entitled to summary judgment as to Plaintiffs' allegations that it violated the discharge injunction because there is no genuine issue of material fact that NCO's actions were not willful. NCO alleges that the Collection Agreement it signed with GE prohibited the placement of bankruptcy accounts with NCO. Furthermore, NCO notes that it completed a bankruptcy scrub through Lexis-Nexis and that the scrub did not identify any bankruptcy filings related to "Vick Virginia M." Finally, NCO alleges that at no time was it aware that it was collecting on a debt that was actually or potentially discharged in bankruptcy. In response, Plaintiffs argue that, as discussed above, NCO did indeed have notice of the bankruptcy case and discharge order because the clerk of the bankruptcy court served notice thereof on NCO at its Horsham, Pennsylvania address. *See* Exhibits A and B attached to Plaintiffs' Response to NCO Motion for Summary Judgment, Dkt. No. 85.

Considering that Plaintiffs have produced evidence that NCO received notice of the Plaintiffs' bankruptcy proceeding, there is a genuine issue of material fact regarding whether NCO violated the discharge injunction knowingly. As such, the undersigned recommends that the court deny NCO's motion for summary judgment on this issue.

## IV. CONCLUSION

For the reasons stated above, the undersigned recommends that the court GRANT-in-PART and DENY-in-PART NCO's motion for summary judgment (Dkt. No. 62). The undersigned recommends that the court GRANT NCO's motion as to Plaintiffs' claim the NCO violated the FDCPA by attempting to collect a "time-barred" debt. The undersigned, however, recommends that the court DENY NCO's motion for summary judgment on all other grounds. Furthermore, the undersigned recommends that the court GRANT NCO's motion for leave to file the supplemental

affidavit of Mr. Stevens (Dkt. No. 89) and DENY Plaintiffs' motion to strike Mr. Stevens' affidavit as moot (Dkt. No. 81).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 7th day of March, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE