# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ARTHUR VICK, et al. | § § § | |
| vs. | § § § § | CASE NO. 2:09-CV-114-TJW-CE |
| NCO FINANCIAL SYSTEMS, INC., et al. | § | |

## ORDER

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 95) has been presented for consideration. The report recommends that the court: (1) grant-in-part and deny-in-part defendant NCO Financial Systems, Inc.'s ("NCO") motion for summary judgment; (2) deny plaintiffs Arthur Vick and Virginia Vick's ("Plaintiffs") motion to strike the affidavit of Gregory R. Stevens (Dkt. No. 88[1]); and (3) grant NCO's motion for leave to file the supplemental affidavit of Gregory R. Stevens (Dkt. No. 89).

NCO filed numerous objections to the report (Dkt. No. 96). The court overrules NCO's objections, except as to the issue of whether Mr. Vick has third-party standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"). "The common factor among those cases in which a third-party, non-debtor is held to have standing to bring FDCPA claims is that the alleged debt collection practices were directed towards the third-party." *Prophet v. Myers*, Civil Action No. H-08-0492, 2009 WL 1437799, *4 (S.D. Tex. 2009). "A third-party, non-debtor does not have standing to assert a FDCPA violation based on collection efforts aimed at someone else." *Id.*

---

[1] In Magistrate Judge Everingham's Report and Recommendation, this motion is incorrectly

Considering that Mr. Vick's name was not mentioned in any of NCO's letters to "Virginia M. Vick" and that Plaintiffs have failed to produce any evidence that Mr. Vick ever read those letter or was ever contacted by NCO, the court concludes that there is no genuine issue of material fact that NCO's debt collection attempts were not directed to Mr. Vick. *See, e.g., Dewey v. Associated Collectors, Inc.*, 927 F. Supp. 1172, 1174-1175 (W.D. Wis. June 7, 1996) ("…there is no evidence in this case to indicate that defendants directed their collection practices at plaintiff… in any way. Allowing her to bring suit would grant her a windfall unintended by the act."). As such, the court sustains NCO's objection on this issue and, therefore, grants NCO's motion for summary judgment that Mr. Vick does not have third-party standing under the FDCPA.

In conclusion, it is ORDERED that NCO's motion for summary judgment is GRANTED-in-PART and DENIED-in-PART. The court GRANTS NCO's motion as to Plaintiffs' claim that NCO violated the FDCPA by attempting to collect a "time-barred" debt and as to NCO's argument that Mr. Arthur Vick lacks third-party standing under the FDCPA. The court DENIES NCO's motion for summary judgment on all other grounds. Furthermore, the court GRANTS NCO's motion for leave to file the supplemental affidavit of Mr. Stevens and DENIES Plaintiffs' motion to strike Mr. Stevens' affidavit as moot.

SIGNED this 28th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

referenced as docket number 81.